FILED ORL INTAKE- USBC
20 MAY 2026 AM10:34

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                    Case No.: 6:26-bk-00340-TPG
**CHARLES THOMAS RAHN,**                          Chapter 13
    Debtor.

_____/

## DEBTOR'S MOTION TO CONTINUE CONFIRMATION HEARING AND FOR EXTENSION OF TIME TO FILE AMENDED CHAPTER 13 PLAN

**CHARLES THOMAS RAHN**, Debtor, pro se, respectfully moves this Honorable Court for an order (a) continuing the confirmation hearing currently set for May 20, 2026, and (b) granting Debtor up to and including July 6, 2026 (a period of approximately six (6) weeks) within which to file an Amended Chapter 13 Plan addressing the objection filed by Southern Villas Homeowners Association, Inc. (Doc. 32), and in support thereof states as follows:

## I.

## BACKGROUND AND PROCEDURAL HISTORY

1. On January 20, 2026, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, assigned Case No. 6:26-bk-00340-TPG. Debtor filed pro se.

2. On February 11, 2026, the Court entered an Order Dismissing Case (Doc. 16). On March 12, 2026, Debtor filed a Motion for Reconsideration and to Vacate Order Dismissing Case (Doc. 21), together with corrected schedules (Doc. 22). On March 18, 2026, the Court entered an Order (Doc. 23) granting reconsideration, vacating the dismissal, reinstating the case, and rescheduling the 341 Meeting of Creditors for April 16, 2026 and the Initial Confirmation Hearing for May 20, 2026.

3. On April 28, 2026, the Court entered an Order Granting in Part Debtor's Motion for Entry of Wage Deduction Order (Doc. 30), directing the City of Orlando Police Pension Fund to deduct $385.00 per month from Debtor's pension and remit such sums to the Chapter 13 Trustee. The Chapter 13 Trustee thereafter withdrew her Motion to Dismiss for Failure to Maintain Timely Plan Payments (Doc. 29). Debtor remains current on all plan payments.

4. On May 8, 2026, Southern Villas Homeowners Association, Inc. (the "Association") filed Proof of Claim No. 6 in the amount of $21,965.22, asserted as a secured claim. On May 11, 2026, the Association filed an Objection to Confirmation of Debtor's Chapter 13 Plan (Doc. 32), asserting that the Plan does not provide for cure of the total pre-petition arrearage or the correct postpetition monthly assessment amount, and stating that the Association will withdraw the Objection if an Amended Plan provides for the secured claim and the correct postpetition monthly assessment.

## II.

## DEBTOR'S RECENT MEDICAL EMERGENCY

5. As previously noted in Doc. 28, Debtor is a United States military veteran and retired Orlando Police Department officer who has been battling cancer requiring multiple surgeries on his head, which has significantly impaired his cognitive function, ability to manage complex paperwork, and capacity to timely complete legal filings.

6. On or about May 6, 2026, Debtor suffered a serious cardiac event (heart attack) requiring emergency hospitalization. Debtor remains under the care of physicians, is on a course of recovery, and has been instructed to limit physical and cognitive exertion during the recovery period.

7. Debtor brings this matter to the Court's attention out of an abundance of candor and to explain why a brief continuance of the May 20, 2026 confirmation hearing is necessary and appropriate. Debtor is committed to performing under his Chapter 13 Plan and to addressing the issues raised in Doc. 32, but reasonably requires additional time to do so given his current medical condition.

## III.

## BASIS FOR THE RELIEF REQUESTED

8. Federal Rule of Bankruptcy Procedure 9006(b)(1) authorizes the Court, in its discretion, to extend any time period for cause shown. Continuances of confirmation hearings are routinely granted in Chapter 13 cases where a pro se debtor requires additional time to amend a

plan to resolve creditor objections, particularly where, as here, the debtor is current on plan payments and a recent medical emergency has interrupted the debtor's ability to attend to the case.

9. The continuance and extension requested will not prejudice any party in interest. Debtor's monthly plan payments will continue uninterrupted pursuant to the wage deduction order entered as Doc. 30; the automatic stay remains in place; and the Association's claim and the position of any other secured or unsecured creditor will not be impaired.

10. Debtor proposes to file an Amended Chapter 13 Plan that (a) provides for cure of the Association's pre-petition arrearage and the correct postpetition monthly assessment amount as required by 11 U.S.C. §§ 1322(b)(3), 1322(b)(5), and 1325(a)(5); (b) addresses the secured claims of the Orange County Tax Collector (Claims 1-1, 2-1, and 3-1); and (c) makes such other revisions as may be appropriate to ensure feasibility and confirmation.

11. Pursuant to Local Rule 9013-1(g), undersigned Debtor has conferred (or attempted in good faith to confer) with counsel for the Association, Carlos R. Arias, Esq., and with the Office of the Chapter 13 Trustee, Laurie K. Weatherford, regarding the relief requested herein. [POSITION OF ASSOCIATION: _____.] [POSITION OF CHAPTER 13 TRUSTEE: _____.]

## IV.

## RELIEF REQUESTED

WHEREFORE, Debtor, Charles Thomas Rahn, respectfully requests that this Honorable Court enter an Order:

a. Continuing the confirmation hearing currently set for May 20, 2026 to a date convenient to the Court on or after July 28, 2026 (to allow a sufficient interval following the filing of the Amended Plan for any objection period required under the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court);

b. Granting Debtor up to and including July 6, 2026 (approximately six (6) weeks from the date of this Motion) within which to file an Amended Chapter 13 Plan addressing the Association's Objection (Doc. 32) and the other matters described herein; and

c.  Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Charles Thomas Rahn**
*Pro Se Debtor*
4589 Southfield Avenue
Orlando, FL 32812
Telephone: (407) 383-3405
Date: May 19, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtor's Motion to Continue Confirmation Hearing and for Extension of Time to File Amended Chapter 13 Plan was served upon the parties listed below by first-class U.S. Mail, postage prepaid, or by Electronic Notification through the Court's ECF System at the e-mail address registered with the Court, on this _19_ day of May, 2026.

**Chapter 13 Trustee:**
Laurie K. Weatherford
Post Office Box 3450
Winter Park, FL 32790
info@c13orl.com

**Counsel for Southern Villas Homeowners Association, Inc.:**
Carlos R. Arias, Esq.
Arias Bosinger, PLLC
280 W. Canton Ave., Ste. 330
Winter Park, FL 32789
carias@ablawfl.com

**U.S. Trustee:**
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

_____
**Charles Thomas Rahn**
*Pro Se Debtor*



Charles Thomas Rohn
4589 Scotfield Ave.
Orlando, Fla. 32812

Laurie K. Weatherford, Trustee
P.O. Box 1103
Memphis TN 38101-1103

Re:
6:26-bk-00340-TPG