**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FILED ORL INTAKE - USBC
10 SEP 2026 PM2:32

In re:
CHARLES THOMAS RAHN,
Debtor.
_______________________________________/

Case No.: 6:26-bk-00340-TPG
Chapter 13

**DEBTOR'S RESPONSE IN OPPOSITION TO TRUSTEE'S MOTIONS TO DISMISS (DOCS. 48 AND 49), NOTICE OF PENSION FUND'S NON-COMPLIANCE WITH INCOME DEDUCTION ORDER, AND MOTION FOR EXTENSION OF TIME**

CHARLES THOMAS RAHN, Debtor, pro se, files this (a) Response in Opposition to the Chapter 13 Trustee's Motion to Dismiss Case for Debtor's Failure to Comply with 11 U.S.C. § 1308 and § 521 (Doc. 48) and Motion to Dismiss for Failure to Maintain Timely Plan Payments (Doc. 49); (b) Notice to the Court that the income deduction order entered in this case (Docs. 30 and 45) does not appear to be operating as ordered; and (c) Motion under Federal Rule of Bankruptcy Procedure 9006(b)(1) for an extension of time to respond to the objections to confirmation of his plan (Docs. 32 and 50), to file his tax returns, and to file a Third Amended Chapter 13 Plan. In support, Debtor states as follows:

## I.
## BACKGROUND

1. Debtor is an 80-year-old United States Navy veteran and retired Orlando Police Department officer. His income consists of his City of Orlando police pension and his Social Security benefits, which together are sufficient to make his plan payments.

2. As previously disclosed to the Court (Docs. 28 and 33), Debtor has been battling cancer requiring multiple surgeries on his head, including a recent surgery on his skull to remove cancer. Those surgeries have significantly impaired his cognitive function and his ability to manage complex paperwork and legal filings. On or about May 6, 2026, Debtor suffered a heart attack requiring emergency hospitalization (Doc. 33).

3. Over the past several months, Debtor has been treated on a regular basis by the United States Department of Veterans Affairs. Within the past month, Debtor has twice lost consciousness

without any apparent cause, and on both occasions was taken to the hospital by 911 emergency medical services. During that treatment, his physicians found that he has abnormally low blood pressure, which may be partly responsible for his losing consciousness and may be related in part to his recent skull surgery. More immediately, his physicians found that a stent is not functioning properly, and Debtor is now being rescheduled for a procedure to remove the stent. Debtor was in the hospital ~~at the time of the~~ September 9, 2026 ~~confirmation hearing.~~

4. Debtor suffers from multiple chronic conditions that now interact with one another at unanticipated times. This is one of the principal reasons the Income Deduction Order described below must remain in place for Debtor's plan to succeed: Debtor's plan payments cannot depend on his being well enough, on a given day, to make them by hand.

5. Debtor will provide supporting medical records to the Trustee upon request and to the Court as it may direct.

6. On January 20, 2026, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Debtor is proceeding pro se.

7. On February 11, 2026, the Court dismissed the case for failure to file certain information (Doc. 16). After Debtor filed the missing documents (Docs. 21 and 22), the Court reinstated the case on March 18, 2026 (Doc. 23).

8. Because Debtor's health makes it difficult for him to make plan payments by hand each month, Debtor asked the Court to have his plan payments deducted automatically from his City of Orlando police pension. On April 28, 2026, the Court ordered the City of Orlando Police Pension Fund (the "Pension Fund") to deduct $385.00 per month from Debtor's pension and to forward the deductions to the Chapter 13 Trustee at least once each month (Doc. 30). On July 13, 2026, the Court amended that order to increase the monthly deduction to $600.00 (Doc. 45). Docs. 30 and 45 are referred to together as the "Income Deduction Order."

9. On June 29, 2026, Debtor filed his Second Amended Chapter 13 Plan (Doc. 40), which is funded through the Income Deduction Order.

10. On August 20, 2026, the Trustee filed (a) her Motion to Dismiss Case for Debtor's Failure to Comply with 11 U.S.C. § 1308 and § 521 (Doc. 48); (b) her Motion to Dismiss for

Failure to Maintain Timely Plan Payments (Doc. 49), asserting a delinquency of $1,200.00 and asking that the case be dismissed unless that sum is paid by September 10, 2026; and (c) her Notice of Deficiency for Confirmation and Recommendation (Doc. 50).

11. At the September 9, 2026 confirmation hearing, the Trustee advised the Court that Debtor was in the hospital. The Court continued the confirmation hearing to October 14, 2026 at 10:45 a.m. (Doc. 51).

12. Debtor's medical condition is the reason he has not been able to monitor whether the Pension Fund is making his plan payments, and the reason he has not yet completed the items listed in the Trustee's Notice of Deficiency. It does not reflect any lack of commitment to this case or to his plan.

## II.
## RESPONSE TO DOC. 49 — THE PENSION FUND'S APPARENT NON-COMPLIANCE WITH THE INCOME DEDUCTION ORDER

13. Debtor opposes dismissal. The delinquency described in Doc. 49 does not appear to result from any refusal by Debtor to pay. It appears to result from the Pension Fund not deducting and forwarding the amounts this Court ordered it to deduct and forward.

14. The Trustee's Report of Receipts attached to Doc. 49 shows receipts of $400.00 on April 15, 2026, $800.00 on April 21, 2026, $400.00 on May 27, 2026, and $400.00 on August 14, 2026. It shows no receipt at all in June or July 2026, and no receipt in the amount of $385.00 or $600.00 — the amounts the Pension Fund was ordered to deduct and forward. (Doc. 49, Ex. A.)

15. Debtor does not know why the Income Deduction Order is not operating as ordered — whether the orders did not reach the Pension Coordinator's office, were not processed, or were processed incorrectly.

16. Debtor's pension and Social Security benefits are sufficient to make his plan payments. As a practical matter, the plan payments should be withheld at the source and paid over to the Trustee as this Court ordered. To the extent the Pension Fund has withheld amounts from Debtor's pension under the Income Deduction Order but has not paid them over to the Trustee, those

amounts should be paid over to the Trustee now. Debtor is in the process of checking with the Pension Fund to determine what, if anything, has been withheld and not paid over.

17. Debtor respectfully asks the Trustee's office to assist him in contacting the Pension Fund, or whichever City of Orlando office administers disbursements from the Pension Fund, to confirm that it has received the Income Deduction Order and to bring its deductions into compliance. Debtor is serving a copy of this filing, together with copies of Docs. 30 and 45, on the Pension Fund's Pension Coordinator at the address stated in those orders.

18. Debtor will pay the September 2026 plan payment. As set out in Section IV below, Debtor's Third Amended Plan will provide that any remaining arrearage in plan payments be withheld by the Pension Fund and paid over to the Trustee in November 2026.

19. Because the delinquency arises from the Pension Fund's apparent failure to comply with the Income Deduction Order, and Debtor is acting to cure it, cause does not exist to dismiss this case under 11 U.S.C. § 1307(c).

## III.
## RESPONSE TO DOC. 48 — TAX RETURNS

20. Doc. 48 asserts that Debtor has not complied with 11 U.S.C. § 1308(a) and § 521(e)(2)(A). The Trustee's Notice of Deficiency lists tax returns for 2023, 2024, and 2025 (Doc. 50).

21. Section 1308(a) requires a Chapter 13 debtor to file tax returns for the four-year period before the petition "if the debtor was required to file a tax return under applicable nonbankruptcy law." Section 521(e)(2)(A) requires the debtor to give the Trustee a copy of the return for the most recent tax year "for which a Federal income tax return was filed."

22. During 2023, 2024, and 2025, Debtor's income consisted of his City of Orlando police pension and Social Security benefits. Debtor took his tax information to a tax return preparer, who concluded that Debtor's income was not sufficient to require him to file federal income tax returns for those years. Debtor therefore did not file returns for those years and had no filed return to provide to the Trustee.

23. Nevertheless, to remove any question and to allow the Trustee to complete her review, Debtor will prepare and file federal income tax returns for 2023, 2024, and 2025 — even if they show no tax due — and will deliver copies to the Trustee on or before October 1, 2026. Debtor will also request IRS account transcripts for those years and provide them to the Trustee.

24. Because Debtor was not required to file returns for those years, and in any event will file them and provide copies to the Trustee before the continued confirmation hearing, Doc. 48 should be denied or, alternatively, held in abeyance until the October 14, 2026 hearing.

## IV.
## OBJECTIONS TO CONFIRMATION AND THIRD AMENDED PLAN

25. The Trustee's Notice of Deficiency (Doc. 50) and the Objection to Confirmation filed by Southern Villas Homeowners Association, Inc. (the "Association") (Doc. 32) remain pending. Debtor intends to resolve them by filing a Third Amended Chapter 13 Plan that:

a. provides for plan payments over a period of not more than 60 months, as required by 11 U.S.C. § 1322(d), measured from the first plan payment due on February 20, 2026;

b. cures the plan-payment delinquency: Debtor will pay the September 2026 plan payment, and any remaining arrearage will be withheld by the Pension Fund and paid over to the Trustee in November 2026, with a corresponding amendment to the Income Deduction Order;

c. is based on the claims actually filed in this case, rather than the amounts projected when the earlier plans were prepared — including the Association's Claim 6-1 ($21,965.22) and its notice of postpetition fees, and the Orange County Tax Collector's Claims 1-1, 2-1, and 3-1 (totaling $2,812.06); and

d. otherwise addresses the concerns raised by the Trustee in Doc. 50, including the liquidity and disposable-income items, and by the Association in Doc. 32.

26. Debtor also intends to object to Claims 4-1 and 5-1 filed by Orlando Credit Union. According to the claims themselves, those accounts were charged off on September 25, 2022 and

January 31, 2023, respectively — before Debtor filed his prior Chapter 7 case, No. 6:25-bk-01337-TPG, in which this Court entered an Order of Discharge on July 14, 2025.

27. Debtor believes his Second Amended Plan (Doc. 40) already addresses the grounds stated in the Association's objection — cure of the $21,965.22 arrearage and payment of the ongoing assessment directly to the Association — and he will confer with the Association's counsel regarding withdrawal of the objection.

## V.
## BASIS FOR THE EXTENSION REQUESTED

28. Federal Rule of Bankruptcy Procedure 9006(b)(1) authorizes the Court, for cause shown, to enlarge the time for doing an act. Cause exists here. Debtor has been repeatedly hospitalized; the payment shortfall arises from the Pension Fund rather than from Debtor; and the extension requested is short and ends before the continued confirmation hearing.

29. No party will be prejudiced. The Trustee continues to hold the funds she has received; Debtor will pay the September 2026 plan payment, and the remaining arrearage will be paid over in November 2026 under the Third Amended Plan; and the claims of the Association, the Orange County Tax Collector, and all other creditors will be addressed in the Third Amended Plan.

## VI.
## RELIEF REQUESTED

WHEREFORE, Debtor, Charles Thomas Rahn, respectfully requests that the Court enter an Order:

a. denying the Trustee's Motions to Dismiss (Docs. 48 and 49) or, alternatively, holding them in abeyance and setting them for hearing together with the continued confirmation hearing on October 14, 2026 at 10:45 a.m.;

b. extending through and including October 1, 2026 the time for Debtor to (i) file his 2023, 2024, and 2025 federal income tax returns and provide copies to the Trustee, (ii) provide the Trustee with the other items listed in Doc. 50, (iii) file a Third Amended Chapter 13 Plan, and (iv) respond to the objections to confirmation (Docs. 32 and 50);

c. directing the Clerk to serve copies of Docs. 30 and 45 on the City of Orlando Police Pension Fund, Office of Business and Financial Services, Pension Coordinator, 4th Floor, City Hall, 400 South Orange Avenue, Orlando, Florida 32801;

d. if the Court determines that additional notice of the Third Amended Plan is required, continuing the confirmation hearing to a date that permits such notice; and

e. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

______________________________

Charles Thomas Rahn
Pro Se Debtor
4589 Southfield Avenue
Orlando, FL 32812
Telephone: (407) 383-3405
Date: September ___, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by first-class U.S. Mail, postage prepaid, or by Electronic Notification through the Court's CM/ECF system on all parties registered to receive electronic notice, on this 10 day of September, 2026, on the following:

Chapter 13 Trustee:
Laurie K. Weatherford
Post Office Box 3450
Winter Park, FL 32790
info@c13orl.com

Counsel for Southern Villas Homeowners Association, Inc.:
Carlos R. Arias, Esq.
Arias Bosinger, PLLC
280 W. Canton Ave., Ste. 330
Winter Park, FL 32789
carias@ablawfl.com

Orlando Credit Union:
c/o Sorenson Van Leuven, PLLC
Post Office Box 3637
Tallahassee, FL 32315-3637

City of Orlando Police Pension Fund (with copies of Docs. 30 and 45):
Office of Business and Financial Services
Attn: Pension Coordinator
4th Floor, City Hall
400 South Orange Avenue
Orlando, FL 32801

U.S. Trustee:
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

Charles Thomas Rahn
Pro Se Debtor