UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED ORL INTAKE- USBC
14 SEP 2026 PM2:03

In re:
**CHARLES THOMAS RAHN,**

Debtor.
_______________________________/

Case No.: **6:26-bk-00340-TPG**
Chapter 13

## DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN

*(Amends and supersedes the Second Amended Chapter 13 Plan filed June 29, 2026 (Doc. 40), which amended and superseded the Amended Chapter 13 Plan filed June 8, 2026 (Doc. 36) and the Chapter 13 Plan filed January 7, 2026)*

### NOTICES

**To Debtor:** This plan may modify your rights. Read it carefully. **To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully. If you oppose this plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection within the time fixed by the court. This Third Amended Plan does not contain any nonstandard provision other than those expressly described in Part 8.

**Purpose of this amendment.** This Third Amended Plan conforms the plan payments and disbursements to the Chapter 13 Trustee's revised proposed spreadsheet transmitted to Debtor on September 10, 2026 and filed with the Court at Doc. 52; corrects the vesting provision of Part 7 to reflect that Debtor is not eligible for a discharge in this case; states the Association's ongoing post-petition assessment amount; and is intended to resolve the Trustee's Notice of Deficiency and objection to confirmation (Doc. 50), the Trustee's Motions to Dismiss (Docs. 48 and 49), and the Objection to Confirmation filed by Southern Villas Homeowners Association, Inc. (Doc. 32).

## PART 1 — PLAN PAYMENTS AND LENGTH OF PLAN

**1.1 Plan payments.** Debtor shall pay to the Chapter 13 Trustee a total of $37,768.04 over a term of 60 months, payable monthly on the 20th day of each month as follows:

| Months | Payments due | Monthly payment | No. of payments | Subtotal |
|---|---|---|---|---|
| 1 – 7 | Feb. 20, 2026 – Aug. 20, 2026 | $285.72 | 7 | $2,000.04 |
| 8 – 29 | Sept. 20, 2026 – June 20, 2028 | $600.00 | 22 | $13,200.00 |
| 30 – 60 | July 20, 2028 – Jan. 20, 2031 | $728.00 | 31 | $22,568.00 |
| **Total** | | | **60** | **$37,768.04** |

**1.2 Length of plan.** The first plan payment was due February 20, 2026. The sixtieth and final plan payment is due January 20, 2031. The plan term does not exceed five years and complies with 11 U.S.C. § 1322(d).

**1.3 Months 1 through 7 — recast to payments actually received; no arrearage.** Months 1 through 7 are stated at $285.72 per month, a total of $2,000.04. That figure conforms to the payments actually received by the Trustee for those months as shown on the Trustee's Report of Receipts (Doc. 49, Ex. "A"): $400.00 received April 15, 2026; $800.00 received April 21, 2026; $400.00 received May 27, 2026;

and $400.00 received August 14, 2026, a total of $2,000.00. Plan payments are therefore current through month 7, and no plan-payment arrearage exists under this plan. No plan has been confirmed in this case, and this Third Amended Plan supersedes the payment schedules of all prior plans. This paragraph resolves the delinquency asserted in the Trustee's Motion to Dismiss for Failure to Maintain Timely Plan Payments (Doc. 49) and supersedes the cure mechanism described in paragraphs 18 and 25(b) of Debtor's Response filed September 10, 2026 (Doc. 53), which contemplated a November 2026 catch-up payment that this plan does not require.

**1.4 Funding — Income Deduction Order.** Plan payments are funded by the Income Deduction Order entered in this case, which directs the City of Orlando Police Pension Fund to deduct the plan payment from Debtor's City of Orlando police pension and remit it to the Trustee at least monthly (Doc. 30, entered April 28, 2026, $385.00 per month; as amended by Doc. 45, entered July 13, 2026, $600.00 per month). The existing $600.00 deduction is sufficient to fund plan payments through month 29 (June 20, 2028). Debtor will file a motion to amend the Income Deduction Order to $728.00 per month effective with the payment due July 20, 2028, and will do so not later than sixty (60) days before that date. To the extent the Pension Fund does not withhold and remit the full plan payment in any month, Debtor shall remit the difference directly to the Trustee. Debtor's Social Security benefits are not subject to the Income Deduction Order.

**1.5 Total funding.** Total funding over the life of the plan is $37,768.04, of which $33,991.24 is available for distribution to creditors after payment of the Trustee's statutory fee.

## PART 2 — TRUSTEE'S FEE AND ADMINISTRATIVE CLAIMS

**2.1 Trustee's fee.** The Chapter 13 Trustee shall be paid the percentage fee fixed by the United States Trustee (estimated at 10%) on all sums disbursed under the plan: $28.57 per month for months 1 through 7; $60.00 per month for months 8 through 29; and $72.80 per month for months 30 through 60. Estimated total: $3,776.80.

**2.2 Attorney's fees.** None. Debtor is proceeding pro se. No attorney has been employed or compensated in connection with this case, and no disclosure of compensation of attorney for debtor is required.

**2.3 Other administrative claims.** None. No claim under 11 U.S.C. § 507(a)(2) has been filed or is anticipated other than the Trustee's percentage fee.

## PART 3 — TREATMENT OF SECURED CLAIMS

**3.1 Maintenance of payments and cure of default (§ 1322(b)(5)) — Southern Villas Homeowners Association, Inc.**

**Collateral:** Debtor's principal residence, 4589 Southfield Avenue, Orlando, FL 32812. Debtor will **RETAIN** this property.

| Creditor | Pre-petition arrearage / secured claim (Claim 6-1) | Post-petition fees and costs (Claim 6) | Ongoing post-petition assessment |
|---|---|---|---|
| Southern Villas Homeowners Association, Inc. | $21,965.22 | $274.25 | $[INSERT] per month, paid direct |

**(a) Cure of arrearage.** The pre-petition arrearage of $21,965.22 — comprising the Final Judgment of Foreclosure entered December 2, 2025 in Orange County Case No. 2023-CC-024011-O ($20,617.74), post-judgment interest, additional assessments and interest through the petition date, collection fees, and pre- and post-petition attorney's fees and costs, as itemized in Claim 6-1 — shall be cured in full through the plan with interest at 6.00% per annum, disbursed by the Trustee as follows: $185.73 per month for

months 1 through 7; $437.02 per month for months 8 through 29; $469.82 per month for months 30 through 59; and $469.80 for month 60. Total disbursement: $25,478.95.

**(b) Post-petition attorney's fees and costs.** The post-petition attorney's fees and costs included in Claim 6 in the amount of $274.25 shall be paid through the plan, disbursed by the Trustee at $31.56 per month for months 8 through 15 and $21.77 for month 16.

**(c) Maintenance of ongoing assessments.** Debtor shall pay all post-petition regular assessments **DIRECTLY** to the Association as they come due, outside the plan, in the current amount of **$[INSERT CURRENT MONTHLY ASSESSMENT]** per month. This paragraph states the correct post-petition monthly assessment amount as requested in the Association's Objection to Confirmation (Doc. 32) ¶¶ 5, 7, and 8.

**(d) Lien retention.** The Association shall retain its lien until its allowed secured claim is paid in full under the plan, after which the lien shall be released (11 U.S.C. § 1325(a)(5)(B)). Upon payment in full of the arrearage and the post-petition fees and costs provided for above, and Debtor's maintenance of the ongoing assessments, the Association shall be deemed current and shall release and satisfy its Final Judgment lien of record. The release of the Association's lien is not conditioned on entry of a discharge in this case. See Part 7 below.

**(e) Right to cure (§ 1322(c)(1)).** Debtor's residence has not been sold at a foreclosure sale. The default on the Association's claim may therefore be cured through this plan notwithstanding the entry of the Final Judgment of Foreclosure.

**3.2 Secured claims paid in full through the plan — Orange County Tax Collector**

The following ad valorem property-tax claims are secured by statutory liens (Fla. Stat. ch. 197) on Debtor's residence and shall be paid in full through the plan with interest at the statutory rate of 18% (Fla. Stat. § 197.172; 11 U.S.C. § 511):

| Claim | Creditor / basis | Amount | Rate | Monthly disbursement | Total disbursed |
|---|---|---|---|---|---|
| 1-1 | Orange County Tax Collector — 2024 ad valorem | $944.19 | 18% | $23.98 (months 1–59); $23.75 (month 60) | $1,438.57 |
| 2-1 | Orange County Tax Collector — 2023 ad valorem | $1,012.21 | 18% | $25.71 (months 1–59); $25.32 (month 60) | $1,542.21 |
| 3-1 | Orange County Tax Collector — 2025 ad valorem | $855.66 | 18% | $21.73 (months 1–59); $21.62 (month 60) | $1,303.69 |
| **Total** | | **$2,812.06** | | | **$4,284.47** |

**3.3 Other secured claims; valuation; lien avoidance**

None. Debtor does not seek to value any secured claim, to bifurcate any claim under 11 U.S.C. § 506(a), to avoid any lien, or to strip off any wholly unsecured junior lien, and no such relief is requested or granted by this plan. Debtor acknowledges that, because Debtor received a discharge in a prior chapter 7 case and is not eligible for a discharge in this case, lien-stripping relief is unavailable. *See Scantling v. HSBC Bank USA, N.A. (In re Scantling)*, 754 F.3d 1323 (11th Cir. 2014).

## PART 4 — PRIORITY UNSECURED CLAIMS (§ 507)

**4.1** None. No priority claim has been filed. The governmental bar date of on or about July 19, 2026 has passed and no governmental unit filed a priority claim. If a priority claim is hereafter filed and allowed, Debtor will move to modify the plan to provide for it.

**4.2** Domestic support obligations: none. Debtor is not required by a judicial or administrative order, or by statute, to pay any domestic support obligation.

## PART 5 — NONPRIORITY UNSECURED CLAIMS

**5.1 One hundred percent dividend.** Allowed nonpriority unsecured claims shall be paid in full through the plan. The claims filed in this case are:

| Claim | Creditor / basis | Amount | Dividend |
|---|---|---|---|
| 4-1 | Orlando Credit Union — negative checking account | $1,887.27 | 100% |
| 5-1 | Orlando Credit Union — personal loan | $2,052.04 | 100% |
| **Total** | | **$3,939.31** | **100%** |

The Trustee shall disburse to the nonpriority unsecured class $9.79 in month 16; $31.56 per month for months 17 through 29; $113.96 per month for months 30 through 59; and $114.71 in month 60. Total disbursement: $3,953.57. No distribution to the nonpriority unsecured class occurs before month 16 (May 20, 2027).

**5.2 Best-interests test (§ 1325(a)(4)).** Because this plan pays allowed nonpriority unsecured claims in full, the plan satisfies 11 U.S.C. § 1325(a)(4) without regard to the value that would be distributed in a hypothetical chapter 7 liquidation. Debtor does not, in this plan, assert the zero-dividend liquidation analysis set out in paragraph 5.2 of the Second Amended Plan (Doc. 40), and this plan is intended to resolve the "Liquidity Short: $2,202.83" impediment and the liquidity objection stated in the Trustee's Notice of Deficiency (Doc. 50).

**5.3 Projected disposable income (§ 1325(b)).** Debtor commits all projected disposable income to the plan. The Trustee computes Debtor's monthly disposable income at $385.00 (Doc. 50). Plan payments of $600.00 per month beginning with month 8, increasing to $728.00 per month beginning with month 30, exceed that amount.

**5.4 Reservation — objections to Claims 4-1 and 5-1.** Debtor has filed or will file objections to Claims 4-1 and 5-1 under 11 U.S.C. §§ 502(b)(1) and 524(a) on the ground that both debts were discharged in Debtor's prior chapter 7 case, No. 6:25-bk-01337-TPG, commenced March 10, 2025, in which this Court entered an Order of Discharge under 11 U.S.C. § 727 on July 14, 2025. According to the claims themselves, the accounts were charged off on September 25, 2022 and January 31, 2023, respectively, and both debts were therefore incurred and matured before the chapter 7 petition. The chapter 7 case was administered as a no-asset case, the chapter 7 trustee filed a Report of No Distribution on May 22, 2025, and no deadline for filing proofs of claim was ever set. A pre-petition debt that was not scheduled in such a case is nonetheless discharged, because 11 U.S.C. § 523(a)(3)(A) excepts from discharge only a debt not listed in time to permit the timely filing of a proof of claim, and in a no-asset case in which no claims bar date is set there is no such deadline. *See Judd v. Wolfe*, 78 F.3d 110, 115 (3d Cir. 1996); *In re Beezley*, 994 F.2d 1433, 1434 (9th Cir. 1993). Nothing in this plan waives, releases, or compromises those objections, and confirmation of this plan shall be without prejudice to them. If either objection is sustained, Debtor will move to modify the plan under 11 U.S.C. § 1329 to reduce or eliminate the dividend to the nonpriority unsecured class and to reduce the monthly plan payment accordingly. Because no distribution to that class occurs before month 16 (May 20, 2027), no creditor will be prejudiced by the resolution of the objections after confirmation.

## PART 6 — EXECUTORY CONTRACTS AND UNEXPIRED LEASES

None to assume or reject.

## PART 7 — VESTING OF PROPERTY OF THE ESTATE

**7.1 Vesting.** Property of the estate shall vest in the Debtor upon the earlier of (a) completion of all payments under the plan, or (b) entry of an order closing this case.

**7.2 No discharge; vesting not conditioned on discharge.** Debtor is not eligible for a discharge in this case. Debtor received a discharge under chapter 7 in Case No. 6:25-bk-01337-TPG, which was commenced on March 10, 2025 — within four years before the commencement of this case on January 20, 2026 — and 11 U.S.C. § 1328(f)(1) therefore bars a discharge here. Accordingly, no provision of this plan conditions vesting of property of the estate, release or satisfaction of any lien, or any other right or obligation on the entry of a discharge in this case. This paragraph corrects Part 7 of the Second Amended Plan (Doc. 40), which provided that property of the estate would vest "upon completion of all plan payments and entry of the discharge."

## PART 8 — NONSTANDARD PLAN PROVISIONS

**8.1 Conformity to the Trustee's revised spreadsheet.** The plan payments stated in Part 1 and the disbursements stated in Parts 2 through 5 conform to the Chapter 13 Trustee's revised proposed plan spreadsheet transmitted to Debtor on September 10, 2026 and filed at Doc. 52.

**8.2 Recast of months 1 through 7.** Paragraph 1.3 states months 1 through 7 at $285.72 per month, in place of the $400.00 and $600.00 monthly amounts stated in prior plans, so that the plan schedule matches the payments actually received by the Trustee for those months. The effect is that no plan-payment arrearage exists under this plan and the Trustee's Motion to Dismiss at Doc. 49 is resolved.

**8.3 Stepped plan payment.** Part 1 provides for a stepped monthly payment — $285.72 for months 1 through 7, $600.00 for months 8 through 29, and $728.00 for months 30 through 60. A motion to amend the Income Deduction Order to $728.00 per month effective with the July 20, 2028 payment will be filed as provided in paragraph 1.4.

**8.4 Vesting and absence of discharge.** Part 7 provides that property of the estate vests on the earlier of completion of plan payments or entry of an order closing the case, and that no right under this plan is conditioned on entry of a discharge, because Debtor is ineligible for a discharge under 11 U.S.C. § 1328(f)(1).

**8.5 Reservation of objections to Claims 4-1 and 5-1.** Paragraph 5.4 reserves Debtor's objections to Claims 4-1 and 5-1 and Debtor's right to seek modification under 11 U.S.C. § 1329 if either objection is sustained.

**8.6 Resolution of the Association's objection.** Paragraph 3.1 provides for cure in full of the Association's pre-petition arrearage of $21,965.22 with interest, payment of the post-petition fees and costs of $274.25 through the plan, and direct payment by Debtor of the correct ongoing post-petition monthly assessment. The Association has stated that it will withdraw its Objection to Confirmation (Doc. 32) upon the filing of an amended plan providing for its secured claim and the correct post-petition monthly assessment amount (Doc. 32 ¶ 8).

**8.7 Correction of case number.** This plan carries forward the correction of the case number from the original Chapter 13 Plan, which erroneously read 6:25-bk-08168-TPG, to the correct number, 6:26-bk-00340-TPG.

Respectfully submitted this 15th day of September, 2026.

______________________________
Charles Thomas Rahn
Pro Se Debtor
4589 Southfield Avenue
Orlando, FL 32812
Telephone: (407) 383-3405