**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FILED ORL INTAKE - USBC
18 SEP 2026 PM 2:04

IN RE: CASE NO.: **6:26-bk-00340-TPG**

**Charles Thomas Rahn**

Debtor(s).

_______________________________/

# FOURTH AMENDED CHAPTER 13 PLAN

## A. NOTICES.

Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation that may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ Included | ☒ Not included |
| Provisions for student loan(s), set out on Section E. | ☐ Included | ☒ Not Included |
| Nonstandard provisions, set out in Section E. | ☒ Included | ☐ Not included |
| THIS AMENDED PLAN PROVIDES FOR PAYMENTS TO CREDITOR/LESSOR [NAME OF THE SECURED CREDITOR/LEESOR] TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | ☐ Included | ☒ Not included |

**NOTICE TO DEBTOR: IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY, AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

## B. MONTHLY PLAN PAYMENTS.

Plan payments ("Plan Payments") include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make Plan Payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors

1. $285.72 from month 1 through 7;
2. $600.00 from month 8 through 10;
3. $899.83 from month 11 through 29;
4. $1,027.83 from month 30 through 60;

## C. PROPOSED DISTRIBUTIONS.

### 1. ADMINISTRATIVE ATTORNEY'S FEES.

Base Fee $0.00 Total Paid Prepetition $0.00 Balance Due $0.00
MMM Fee $0.00 Total Paid Prepetition $0.00 Balance Due $0.00
Estimated Monitoring Fee at $0.00 per Month.
Attorney's Fees Payable Through Plan at $0.00 Monthly (subject to adjustment).

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

☒ NONE

2. **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A)).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|

☒ NONE

3. **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|

**4. TRUSTEE FEES.** From each Plan Payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

**5. SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

☐ NONE

**(a) Claims Secured by Debtor's Principal Residence that Debtor Intends to Retain— Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | Southern Villas Homeowners Association, Inc. (Claim 6-1) | 4589 Southfield Ave., Orlando, FL 32812 | $269.85 | $0.00 | $21,965.22 |

☒ NONE

**(b) Claims Secured by Other Real Property that Debtor Intends to Retain—Mortgage, HOA and Condominium Association Assessments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's real property. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| | | | | | |

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

☒ NONE

**(c) Claims Secured by Real Property—Debtor Seeks Mortgage Modification Mediation (MMM).** No later than 90 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a motion seeking MMM. Information and forms related to MMM are available in the Court's Procedure Manual on the Court's website, www.flmb.uscourts.gov. Pending the resolution of the MMM, the Plan Payments must include the following adequate protection payments to the Trustee: (1) for homestead property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for non-homestead, income-producing property, 75% of the gross rental income generated from the property. Notwithstanding the foregoing, the adequate protection payment must be no less than the amount sufficient to pay (1) homeowner's association fees, and (2) 1/12 of the annual ad valorem property taxes and annual homeowner's insurance premium. If Debtor obtains a modification of the mortgage, the modified payments must be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| | | | |

☒ NONE

**(d) Claims Secured by Real Property or Personal Property to Which 11 U.S.C. § 506 Valuation Applies (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |

☒ NONE

**(e) Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion (i) under 11 U.S.C. § 522 to avoid a judicial lien or a nonpossessory, non-purchase money security interest because it impairs an exemption or (ii) under 11 U.S.C. § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| | | |

☒ NONE

**(f) Payments on Claims Secured by Real Property and/or Personal Property to Which 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for Debtor's personal use; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

☐ NONE

**(g) Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2) and § 1322(c)(2) (for claims secured by Debtor's principal residence that mature during the Plan).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| | Orange County Tax Collector (Claim 1-1) — 2024 ad valorem taxes | 4589 Southfield Ave., Orlando, FL 32812 | $944.19 | $23.98 | 18% |
| | Orange County Tax Collector (Claim 2-1) — 2023 ad valorem taxes | 4589 Southfield Ave., Orlando, FL 32812 | $1,012.21 | $25.71 | 18% |
| | Orange County Tax Collector (Claim 3-1) — 2025 ad valorem taxes | 4589 Southfield Ave., Orlando, FL 32812 | $855.66 | $21.73 | 18% |

☒ NONE

**(h) Claims Secured by Personal Property—Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1322(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
| | | | | |

☒ NONE

**(i) Secured Claims Paid Directly by Debtor.** The following secured claims are paid via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
| | | |

☒ NONE

**(j) Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
| | | |

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

☒ NONE

**(k) Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
| | | |

**6. LEASES/EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation of the Plan, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Plan Payments are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

☒ NONE

**(a) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1322(b)(7).** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. Under 11 U.S.C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
| | | | | |

☒ NONE

**(b) Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following leases/executory contracts that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
| | | |

☒ NONE

**(c) Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
| | | |

**7. GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above-referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $3,939.31.

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**D. GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not provided for under the Plan, shall retain the liens securing their collateral.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by order of the Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

☒ (a) shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

☐ (b) shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor must timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor must provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor must provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless consented to by the Trustee, or ordered by the Court, Debtor must turn over to the Trustee all tax refunds in addition to the Plan Payments. Debtor must not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. Debtor must not spend any tax refund without first having obtained the Trustee's consent or Court approval.

**E. NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).**

*Note: Any nonstandard provisions of this Plan other than those set out in this Section are deemed void and are stricken.*

**1. Amendment.** This Fourth Amended Chapter 13 Plan is filed on the Court's Model Chapter 13 Plan and supersedes the Third Amended Chapter 13 Plan filed September 14, 2026 (Doc. 56) and all prior plans. It changes Doc. 56 in one respect: beginning with month 11, the Association's regular monthly assessment is paid through the Plan (paragraph E.4(c)), and the Plan Payments increase by $299.83 per month to fund that disbursement and the Trustee's fee on it.

**2. Plan Payments; Exhibit A.** Except for the Association's regular monthly assessment, the distributions in Section C conform to the Chapter 13 Trustee's revised proposed Plan spreadsheet sent to Debtor on September 10, 2026 and filed at Doc. 52, which is attached as Exhibit A under Section D.5. The Plan Payments in Section B equal the Plan Payments shown on Exhibit A plus $299.83 per month in months 11 through 60. The Plan Payment for months 1 through 7 is stated at $285.72 per month, a total of $2,000.04, to conform to the $2,000.00 the Trustee received for those months (Doc. 49, Ex. A). No Plan Payment arrearage exists through month 7.

**3. Funding.** Plan Payments are funded by the Income Deduction Order directing the City of Orlando Police Pension Fund to remit the Plan Payment to the Trustee (Docs. 30 and 45), currently $600.00 per month. With this Plan, Debtor has moved to amend the Income Deduction Order to $899.83 per month beginning with the December 2026 pension disbursement and $1,027.83 per month beginning with the July 2028 pension disbursement. Debtor will pay the Trustee directly any part of a Plan Payment the Pension Fund does not remit.

**4. Southern Villas Homeowners Association, Inc. (Claim 6-1); Section C.5(a).** (a) The prepetition arrears of $21,965.22 shall be paid through the Plan with interest at 6.00% per annum, a total of $25,478.95, in the monthly amounts shown on Exhibit A. (b) Postpetition attorney's fees and costs of $274.25 shall be paid through the Plan in the monthly amounts shown on Exhibit A. (c) Beginning with the Plan Payment due December 20, 2026 (month 11) and continuing through month 60, the Trustee shall disburse to the Association through the Plan its regular monthly assessment of $269.85. If the regular assessment changes, the Association shall file and serve a notice of the new amount, the Trustee may adjust the disbursement, and Debtor will move to amend the Plan Payment and the Income Deduction Order as needed. (d) Debtor's residence has not been sold at a foreclosure sale, and the default may be cured under 11 U.S.C. § 1322(c)(1) notwithstanding the Final Judgment of Foreclosure entered

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

December 2, 2025 in Orange County Case No. 2023-CC-024011-O. (e) Upon payment of the amounts in (a) and (b) and of the assessments in (c), the Association shall release and satisfy its Final Judgment lien of record. That release is not conditioned on entry of a discharge.

**5. Orange County Tax Collector (Claims 1-1, 2-1, and 3-1); Section C.5(g).** These ad valorem tax claims are secured by liens on Debtor's residence and shall be paid in full through the Plan with interest at 18% per annum, for total payments of $1,438.57 (Claim 1-1), $1,542.21 (Claim 2-1), and $1,303.69 (Claim 3-1). The monthly amounts in Section C.5(g) apply in months 1 through 59; the month-60 amounts are shown on Exhibit A.

**6. Claims 4-1 and 5-1 (Orlando Credit Union).** Debtor has objected to Claims 4-1 and 5-1 on the ground that both debts were discharged in Debtor's chapter 7 case, No. 6:25-bk-01337-TPG. Confirmation of this Plan is without prejudice to those objections. If either objection is sustained, Debtor will move to modify the Plan under 11 U.S.C. § 1329. Under Exhibit A, no distribution to general unsecured creditors occurs before month 16 (May 20, 2027).

**7. No Discharge; Vesting.** Debtor received a discharge in chapter 7 Case No. 6:25-bk-01337-TPG, filed March 10, 2025, and is not eligible for a discharge in this case under 11 U.S.C. § 1328(f)(1). Accordingly, for purposes of Section D.3(a), property of the estate shall vest in Debtor upon the earliest of (i) completion of all Plan Payments, (ii) entry of an order closing this case, or (iii) dismissal of this case. No right or obligation under this Plan, including the release of any lien, is conditioned on entry of a discharge.

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

**SIGNATURE(S):**

______________________________ Date: September 18, 2026

Charles Thomas Rahn
*Debtor(s)*

______________________________ Date: ____________

None (Debtor is not represented by an attorney) Date: ____________
*Attorney for Debtor(s)*

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

## PROOF OF SERVICE

Statement of Non-Attorney Under Penalty of Perjury — Local Rule 9013-3(d)

I, Charles Thomas Rahn, state as follows:

1. My name and address are Charles Thomas Rahn, 4589 Southfield Avenue, Orlando, Florida 32812. I am the Debtor in this case, I am proceeding without an attorney, and I am the party on whose behalf service is made.

2. On September 18, 2026, I served a true and correct copy of the foregoing Fourth Amended Chapter 13 Plan, with Exhibit A, by first-class U.S. Mail, postage prepaid, on each of the following persons at the address stated. These are all of the parties on the Court's mailing matrix for this case generated September 17, 2026, a copy of which is attached (Local Rule 9013-3(e)), other than the Debtor, together with the payor under the Income Deduction Order. The matrix entry for Southern Villas Homeowners Association at "Orlando FL 32812" lists no street address; the Association was served at the notice address designated on its Proof of Claim No. 6-1, which is its counsel's address stated in item (c).

**(a) Chapter 13 Trustee:**
Laurie K. Weatherford, Chapter 13 Trustee
Post Office Box 3450
Winter Park, FL 32790-3450

**(b) United States Trustee:**
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

**(c) Southern Villas Homeowners Association, Inc. (Claim 6-1), at its designated notice address and through counsel:**
Southern Villas Homeowners Association, Inc.
c/o Carlos R. Arias, Esq., Arias Bosinger, PLLC
280 W. Canton Avenue, Suite 330
Winter Park, FL 32789-3167

**(d) Orange County Tax Collector (Claims 1-1, 2-1, 3-1):**
Orange County Tax Collector
Post Office Box 545100
Orlando, FL 32854-5100

**(e) Orlando Credit Union (Claims 4-1, 5-1), at its designated notice address and through counsel:**
Orlando Credit Union
c/o J. Blair Boyd, Esq., Sorenson Van Leuven, PLLC
Post Office Box 3637
Tallahassee, FL 32315-3637

**(f) Orlando Credit Union:**
Orlando Credit Union
945 South Orange Avenue
Orlando, FL 32806-1212

**(g) Internal Revenue Service:**
Internal Revenue Service
Post Office Box 7346
Philadelphia, PA 19101-7346

**(h) Florida Department of Revenue:**
Florida Department of Revenue, Bankruptcy Unit
Post Office Box 6668
Tallahassee, FL 32314-6668

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**(i) Payor under the Income Deduction Order (Docs. 30 and 45):**

City of Orlando Police Pension Fund
Office of Business and Financial Services
Attn: Pension Coordinator, 4th Floor, City Hall
400 South Orange Avenue
Orlando, FL 32801

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2026, at Orlando, Florida.

________________________________

Charles Thomas Rahn, Debtor, Pro Se | 4589 Southfield Avenue, Orlando, FL 32812 | (407) 383-3405

*Attachments: Exhibit A — Chapter 13 Trustee's revised proposed Plan spreadsheet (Doc. 52, pages 5–7); mailing matrix generated September 17, 2026.*

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

# EXHIBIT A

**Chapter 13 Trustee's Revised Proposed Plan Spreadsheet**

sent to Debtor September 10, 2026 and filed at Doc. 52 (pages 5–7)

In re Charles Thomas Rahn, Case No. 6:26-bk-00340-TPG

Fourth Amended Chapter 13 Plan — Sections D.5 and E.2

| DUE DATE | | 26-340 | | | RAHN | 2ND AMENDED DE40 6/29/26 | | | | | # 350 | | | CLAIM 6 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20th | | 2/20/2026 | | | | 10.0% | | | | | MONITORING | | | SOUTHERN VILLAS | | S |
| | | Unsecured | | | Debtor Pmt | Tee Fee | | ATTY | | | FEE | | | HOA | | |
| | 60 | | 60 | | | | | | | | | | | | | |
| 2/20/2026 | 1 | ($0.00) | | | $285.72 | $28.57 | 1 | at PRO SE | 1 | at | PRO SE | 1 | at | PD DIRECT | | |
| 3/20/2026 | 2 | ($0.00) | | | $285.72 | $28.57 | | | | | | | | | | |
| 4/20/2026 | 3 | ($0.00) | | | $285.72 | $28.57 | | | | | | | | | | |
| 5/20/2026 | 4 | ($0.00) | | | $285.72 | $28.57 | | | | | | | | | | |
| 6/20/2026 | 5 | ($0.00) | | | $285.72 | $28.57 | | | | | | | | | | |
| 7/20/2026 | 6 | ($0.00) | | | $285.72 | $28.57 | | | | | | | | | | |
| 8/20/2026 | 7 | ($0.00) | 7 | at | $285.72 | $28.57 | | | | | | | | | 7 | at |
| 9/20/2026 | 8 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 10/20/2026 | 9 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 11/20/2026 | 10 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 12/20/2026 | 11 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 1/20/2027 | 12 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 2/20/2027 | 13 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 3/20/2027 | 14 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 4/20/2027 | 15 | $0.00 | | | $600.00 | $60.00 | | | | | | | | | | |
| 5/20/2027 | 16 | $9.79 | | | $600.00 | $60.00 | | | | | | | | | | |
| 6/20/2027 | 17 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 7/20/2027 | 18 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 8/20/2027 | 19 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 9/20/2027 | 20 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 10/20/2027 | 21 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 11/20/2027 | 22 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 12/20/2027 | 23 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 1/20/2028 | 24 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 2/20/2028 | 25 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 3/20/2028 | 26 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 4/20/2028 | 27 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 5/20/2028 | 28 | $31.56 | | | $600.00 | $60.00 | | | | | | | | | | |
| 6/20/2028 | 29 | $31.56 | 22 | at | $600.00 | $60.00 | | | | | | | | | 22 | at |
| 7/20/2028 | 30 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 8/20/2028 | 31 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 9/20/2028 | 32 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 10/20/2028 | 33 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 11/20/2028 | 34 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 12/20/2028 | 35 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 1/20/2029 | 36 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 2/20/2029 | 37 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 3/20/2029 | 38 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 4/20/2029 | 39 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 5/20/2029 | 40 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 6/20/2029 | 41 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 7/20/2029 | 42 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 8/20/2029 | 43 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 9/20/2029 | 44 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 10/20/2029 | 45 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 11/20/2029 | 46 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 12/20/2029 | 47 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 1/20/2030 | 48 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 2/20/2030 | 49 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 3/20/2030 | 50 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 4/20/2030 | 51 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 5/20/2030 | 52 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 6/20/2030 | 53 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 7/20/2030 | 54 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 8/20/2030 | 55 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 9/20/2030 | 56 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 10/20/2030 | 57 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 11/20/2030 | 58 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | | |
| 12/20/2030 | 59 | $113.96 | | | $728.00 | $72.80 | | | | | | | | | 30 | at |
| 1/20/2031 | 60 | $114.71 | 31 | at | $728.00 | $72.80 | 59 | at | 59 | at | | 59 | at | | 1 | at |
| | | | | | | | | | | | | | | | | |
| | | $3,953.57 | | | $37,768.04 | $3,776.80 | | | | | | | | | | |
| DI = $385.00 | | $3,939.31 | | | | | | ATTY | | | | | | | | |
| | | 100% | | | | | | | | | Claim # 350 | | | | | |
| | | 100% PLAN | | | | | | | | | | | | | | |
| | | DUE TO LIQ | | | | | | | | | | | | | | |

| DUE DATE | | CLAIM 6 |
|---|---|---|
| 20th | | OUTHERN VILLAS |
| | | HOA ARREARS |
| | 60 | |
| 2/20/2026 | 1 | $185.73 |
| 3/20/2026 | 2 | $185.73 |
| 4/20/2026 | 3 | $185.73 |
| 5/20/2026 | 4 | $185.73 |
| 6/20/2026 | 5 | $185.73 |
| 7/20/2026 | 6 | $185.73 |
| 8/20/2026 | 7 | $185.73 |
| 9/20/2026 | 8 | $437.02 |
| 10/20/2026 | 9 | $437.02 |
| 11/20/2026 | 10 | $437.02 |
| 12/20/2026 | 11 | $437.02 |
| 1/20/2027 | 12 | $437.02 |
| 2/20/2027 | 13 | $437.02 |
| 3/20/2027 | 14 | $437.02 |
| 4/20/2027 | 15 | $437.02 |
| 5/20/2027 | 16 | $437.02 |
| 6/20/2027 | 17 | $437.02 |
| 7/20/2027 | 18 | $437.02 |
| 8/20/2027 | 19 | $437.02 |
| 9/20/2027 | 20 | $437.02 |
| 10/20/2027 | 21 | $437.02 |
| 11/20/2027 | 22 | $437.02 |
| 12/20/2027 | 23 | $437.02 |
| 1/20/2028 | 24 | $437.02 |
| 2/20/2028 | 25 | $437.02 |
| 3/20/2028 | 26 | $437.02 |
| 4/20/2028 | 27 | $437.02 |
| 5/20/2028 | 28 | $437.02 |
| 6/20/2028 | 29 | $437.02 |
| 7/20/2028 | 30 | $469.82 |
| 8/20/2028 | 31 | $469.82 |
| 9/20/2028 | 32 | $469.82 |
| 10/20/2028 | 33 | $469.82 |
| 11/20/2028 | 34 | $469.82 |
| 12/20/2028 | 35 | $469.82 |
| 1/20/2029 | 36 | $469.82 |
| 2/20/2029 | 37 | $469.82 |
| 3/20/2029 | 38 | $469.82 |
| 4/20/2029 | 39 | $469.82 |
| 5/20/2029 | 40 | $469.82 |
| 6/20/2029 | 41 | $469.82 |
| 7/20/2029 | 42 | $469.82 |
| 8/20/2029 | 43 | $469.82 |
| 9/20/2029 | 44 | $469.82 |
| 10/20/2029 | 45 | $469.82 |
| 11/20/2029 | 46 | $469.82 |
| 12/20/2029 | 47 | $469.82 |
| 1/20/2030 | 48 | $469.82 |
| 2/20/2030 | 49 | $469.82 |
| 3/20/2030 | 50 | $469.82 |
| 4/20/2030 | 51 | $469.82 |
| 5/20/2030 | 52 | $469.82 |
| 6/20/2030 | 53 | $469.82 |
| 7/20/2030 | 54 | $469.82 |
| 8/20/2030 | 55 | $469.82 |
| 9/20/2030 | 56 | $469.82 |
| 10/20/2030 | 57 | $469.82 |
| 11/20/2030 | 58 | $469.82 |
| 12/20/2030 | 59 | $469.82 |
| 1/20/2031 | 60 | $469.80 |
| | | |
| | | $25,478.95 |
| DI = $385.00 | | $25,478.95 |
| | | $21,965.22 @ 6% INT |
| | | |
| | | |

| DUE DATE | | CLAIM 6 | | | CLAIM 1 | | | CLAIM 2 | | | CLAIM 3 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20th | | SOUTHERN VILLAS | | | ORANGE COUNTY | | | ORANGE COUNTY | | | ORANGE COUNTY | | | | | | | |
| | | POSTPET FEES | | | TAX COLLECTOR | | | TAX COLLECTOR | | | TAX COLLECTOR | | | | | | | |
| | 60 | | | | 2024 PROP. TAXES | | | 2023 TAXES | | | 2025 TAXES | | | | | | | |
| 2/20/2026 | 1 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 3/20/2026 | 2 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 4/20/2026 | 3 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 5/20/2026 | 4 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 6/20/2026 | 5 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 7/20/2026 | 6 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 8/20/2026 | 7 | 7 | at | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 9/20/2026 | 8 | | | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 10/20/2026 | 9 | | | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 11/20/2026 | 10 | | | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 12/20/2026 | 11 | | | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 1/20/2027 | 12 | | | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 2/20/2027 | 13 | | | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 3/20/2027 | 14 | | | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 4/20/2027 | 15 | 8 | at | $31.56 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 5/20/2027 | 16 | 1 | at | $21.77 | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 6/20/2027 | 17 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 7/20/2027 | 18 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 8/20/2027 | 19 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 9/20/2027 | 20 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 10/20/2027 | 21 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 11/20/2027 | 22 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 12/20/2027 | 23 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 1/20/2028 | 24 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 2/20/2028 | 25 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 3/20/2028 | 26 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 4/20/2028 | 27 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 5/20/2028 | 28 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 6/20/2028 | 29 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 7/20/2028 | 30 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 8/20/2028 | 31 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 9/20/2028 | 32 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 10/20/2028 | 33 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 11/20/2028 | 34 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 12/20/2028 | 35 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 1/20/2029 | 36 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 2/20/2029 | 37 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 3/20/2029 | 38 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 4/20/2029 | 39 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 5/20/2029 | 40 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 6/20/2029 | 41 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 7/20/2029 | 42 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 8/20/2029 | 43 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 9/20/2029 | 44 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 10/20/2029 | 45 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 11/20/2029 | 46 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 12/20/2029 | 47 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 1/20/2030 | 48 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 2/20/2030 | 49 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 3/20/2030 | 50 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 4/20/2030 | 51 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 5/20/2030 | 52 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 6/20/2030 | 53 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 7/20/2030 | 54 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 8/20/2030 | 55 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 9/20/2030 | 56 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 10/20/2030 | 57 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 11/20/2030 | 58 | | | | | | $23.98 | | | $25.71 | | | $21.73 | | | | | |
| 12/20/2030 | 59 | | | | 59 | at | $23.98 | 59 | at | $25.71 | 59 | at | $21.73 | | | | | |
| 1/20/2031 | 60 | 44 | at | | 1 | at | $23.75 | 1 | at | $25.32 | 1 | at | $21.62 | 60 | at | | 60 | at |
| | | | | | | | | | | | | | | | | | | |
| | | | | $274.25 | | | $1,438.57 | | | $1,542.21 | | | $1,303.69 | | | | | |
| DI = $385.00 | | | | $274.25 | | | $1,438.57 | | | $1,542.21 | | | $1,303.69 | | | | | |
| | | | | PPMF | $944.19 @ 18% INT | | | $1,012.21 @ 18% INT | | | $855.66 @ 18% INT | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |

# MAILING MATRIX

Case No. 6:26-bk-00340-TPG — generated September 17, 2026

Attached to Proof of Service (Local Rule 9013-3(e))

Label Matrix for local noticing
113A-6
Case 6:26-bk-00340-TPG
Middle District of Florida
Orlando
Thu Sep 17 09:28:48 EDT 2026

ORANGE COUNTY TAX COLLECTOR
P.O. BOX 545100
ORLANDO, FL 32854-5100

Orlando Credit Union
c/o J. Blair Boyd
Post Office Box 3637
Tallahassee, FL 32315-3637

United States Trustee - ORL7/13 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Orlando Credit Union
945 South Orange Avenue
Orlando, FL 32806-1212

Orlando Credit Union
Sorenson Van Leuven, PLLC
Post Office Box 3637
Tallahassee, Florida 32315-3637

Southern Villas Homeowners Association
Orlando FL 32812

Southern Villas Homeowners Association, Inc.
c/o Arias Bosinger, PLLC
280 W. Canton Ave., Suite 330
Winter Park, FL 32789-3167

Southern Villas Homeowners Association, Inc.
c/o Carlos R. Arias, Esquire
Arias Bosinger, PLLC
280 W. Canton Ave., Ste. 330
Winter Park, FL 32789-3167

Charles Thomas Rahn
4589 Southfield Ave.
Orlando, FL 32812-7751

Laurie K Weatherford
Post Office Box 3450
Winter Park, FL 32790-3450

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Southern Villas Homeowners Association, In

(u)Internal Revenue Service
PO Box 932700
Post Office Box 7346

(d)Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

(d)Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

(d)Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

(d)Orlando Credit Union
c/o J. Blair Boyd
Post Office Box 3637
Tallahassee, FL 32315-3637

End of Label Matrix
Mailable recipients 12
Bypassed recipients 6
Total 18