FILED ORL INTAKE - USBC
18 SEP 2026 PM2:03

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:
**CHARLES THOMAS RAHN,**

Debtor.
_______________________________/

Case No.: **6:26-bk-00340-TPG**
Chapter 13

## DEBTOR'S AMENDED OBJECTION TO CLAIM NO. 5-1 FILED BY ORLANDO CREDIT UNION

## NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 and serve a copy of the same on the Debtor, Charles Thomas Rahn, 4589 Southfield Avenue, Orlando, Florida 32812 (and any other appropriate persons) within **thirty (30) days** from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

This Amended Objection is filed pursuant to the Court's Order Overruling Objections to Claims No. 4-1 and No. 5-1 of Orlando Credit Union (Doc. 58), entered September 15, 2026, which overruled Debtor's original objection to Claim No. 5-1 (Doc. 55) because service on the claimant and on the required parties was not indicated, and which permits Debtor to file an amended objection. The grounds for the objection are unchanged. This Amended Objection has been served on the claimant in the manner required by Federal Rule of Bankruptcy Procedure 3007(a)(2) and Local Rule 3007-1(b), and on the Chapter 13 Trustee and the United States Trustee, as stated in the Proof of Service attached below.

CHARLES THOMAS RAHN, Debtor, pro se, objects under 11 U.S.C. § 502(b) and Federal Rule of Bankruptcy Procedure 3007 to Claim No. 5-1 filed by Orlando Credit Union, and respectfully requests that the claim be disallowed in its entirety. In support, Debtor states as follows:

### I. THE CLAIM OBJECTED TO

1. On April 10, 2026, Orlando Credit Union filed Claim No. 5-1 in this case, asserting a claim in the amount of $2,052.04. The proof of claim states the basis of the claim as "Personal Loan" and identifies "Orlando Federal Credit Union" as another name the creditor used with the Debtor.

2. The claim is wholly unsecured. Line 9 of the proof of claim states that no part of the claim is secured by a lien on property, and line 11 states that the claim is not subject to a right of setoff. The creditor therefore asserts no interest in any property of the Debtor or of the estate.

3. The itemization attached to the claim states that the principal balance is $1,505.92 and accrued interest is $546.12, with no late fees. The same attachment states that the account holder's last transaction and last payment both occurred on August 9, 2022, and that the account was "charged to profit and loss" on January 31, 2023.

4. The debt underlying Claim No. 5-1 is accordingly a consumer debt that arose and was written off by the creditor well before the events described in Part II below.

## II. DEBTOR'S PRIOR CHAPTER 7 DISCHARGE

5. On March 10, 2025, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court, Case No. 6:25-bk-01337-TPG.

6. That case was administered as a no-asset case. The chapter 7 trustee filed a Report of No Distribution on May 22, 2025, and no deadline for filing proofs of claim was ever set in that case.

7. On July 14, 2025, this Court entered an Order of Discharge granting Debtor a discharge under 11 U.S.C. § 727 (Case No. 6:25-bk-01337-TPG, Doc. 35). No complaint objecting to discharge or to determine the dischargeability of any debt was filed, and the deadline for filing such a complaint expired on June 9, 2025.

8. Debtor commenced the present chapter 13 case on January 20, 2026, after the entry of that discharge.

## III. THE CLAIM IS UNENFORCEABLE AGAINST THE DEBTOR AND MUST BE DISALLOWED

9. Section 502(b)(1) requires the Court to disallow a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."

10. Section 727(b) provides that a discharge under section 727(a) discharges the debtor "from all debts that arose before the date of the order for relief," "whether or not a proof of claim based on any such debt or liability is filed" and "whether or not a claim based on any such debt or liability is allowed," except as provided in section 523.

11. Section 524(a)(1) voids any judgment on a discharged debt to the extent it is a determination of the debtor's personal liability, and section 524(a)(2) operates as an injunction against any act to collect such a debt as a personal liability of the debtor. A discharged debt is therefore unenforceable against the debtor as a matter of law, and a claim asserting it must be disallowed under section 502(b)(1).

12. The debt underlying Claim No. 5-1 arose before the March 10, 2025 order for relief in the chapter 7 case. By the creditor's own itemization, the account was charged to profit and loss on January 31, 2023 — more than two years before the chapter 7 petition. The debt was therefore discharged by operation of section 727(b) on July 14, 2025.

13. No exception to discharge applies. The claim is an ordinary consumer obligation; it is not a debt of a kind described in section 523(a)(2), (4), or (6), and no complaint to determine its dischargeability on any such ground was ever filed within the time allowed by Rule 4007(c). Nor is the debt of a kind excepted by section 523(a)(1), (5), (7), (8), (9), or the remaining subsections.

14. The debt was not listed on the schedules filed in the chapter 7 case, but that does not preserve it. Section 523(a)(3)(A) excepts from discharge only a debt that was "neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim." In a no-asset chapter 7 case in which the trustee files a report of no distribution and the court never sets a deadline for filing proofs of claim, there is no such deadline, and so no deadline that the creditor could have been prevented from meeting. The courts of appeals to have addressed the question agree that an unscheduled debt is discharged in that circumstance. *See Judd v. Wolfe*, 78 F.3d 110, 115 (3d Cir. 1996) (in a no-asset, no-bar-date case, "dischargeability is

unaffected by scheduling"); *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1434 (9th Cir. 1993) (same). The Eleventh Circuit has not published a decision squarely addressing the question.

15. Section 523(a)(3)(B) likewise does not apply. That subsection preserves an unscheduled debt only where the debt is of a kind specified in section 523(a)(2), (4), or (6), which this debt is not.

16. Alternative and partial ground — post-discharge interest. Claim No. 5-1 asserts accrued interest of $546.12 on a principal balance of $1,505.92. The creditor's own attachment states that the last payment and last transaction on the account occurred on August 9, 2022 and that the account was charged to profit and loss on January 31, 2023. To the extent any portion of that interest accrued after July 14, 2025, it was charged on a debt already discharged, and its assessment is barred by 11 U.S.C. § 524(a)(2). Accordingly, even if the claim were otherwise allowable in part, the accrued-interest component must be disallowed.

17. Because the debt underlying Claim No. 5-1 was discharged and is unenforceable against the Debtor and against property of the Debtor, the claim must be disallowed in its entirety under 11 U.S.C. § 502(b)(1).

18. Disallowance of this claim will affect the treatment of the nonpriority unsecured class under Debtor's Fourth Amended Chapter 13 Plan, filed September 18, 2026, which provides for payment of allowed nonpriority unsecured claims in full. No distribution to that class occurs before month 16 of the plan (May 20, 2027). Debtor will seek modification under 11 U.S.C. § 1329 as appropriate following the Court's ruling on this objection.

## IV. RELIEF REQUESTED

WHEREFORE, Debtor, Charles Thomas Rahn, respectfully requests that the Court enter an Order (a) sustaining this objection; (b) disallowing Claim No. 5-1 filed by Orlando Credit Union in its entirety; (c) directing the Chapter 13 Trustee to make no distribution on account of that claim; and (d) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of September, 2026.

_______________________________

Charles Thomas Rahn
Pro Se Debtor
4589 Southfield Avenue
Orlando, FL 32812
Telephone: (407) 383-3405

**PROOF OF SERVICE**

Statement of Non-Attorney Under Penalty of Perjury — Local Rule 9013-3(d)

I, Charles Thomas Rahn, state as follows:

1. My name and address are Charles Thomas Rahn, 4589 Southfield Avenue, Orlando, Florida 32812. I am the Debtor in this case, I am proceeding without an attorney, and I am the party on whose behalf service is made.

2. On September 18, 2026, I served a true and correct copy of the foregoing Debtor's Amended Objection to Claim No. 5-1 Filed by Orlando Credit Union, including the Notice of Opportunity to Object and Request for Hearing, on each of the persons named below, at the address and by the method stated for each:

**(a) Claimant, at the notice address designated on Proof of Claim No. 5-1 (Fed. R. Bankr. P. 3007(a)(2)(A)) — by first-class U.S. Mail, postage prepaid:**

Orlando Credit Union
c/o Sorenson Van Leuven, PLLC
Post Office Box 3637
Tallahassee, FL 32315-3637

**(b) Claimant's attorney, who signed Proof of Claim No. 5-1 (Local Rule 3007-1) — by first-class U.S. Mail, postage prepaid:**

J. Blair Boyd, Esq.
Sorenson Van Leuven Law Firm
Post Office Box 3637
Tallahassee, FL 32315-3637

**(c) Claimant, at its principal office — by first-class U.S. Mail, postage prepaid:**

Orlando Credit Union
945 South Orange Avenue
Orlando, FL 32806-1212

**(d) Chapter 13 Trustee — by first-class U.S. Mail, postage prepaid:**

Laurie K. Weatherford, Chapter 13 Trustee
Post Office Box 3450
Winter Park, FL 32790-3450

**(e) United States Trustee — by first-class U.S. Mail, postage prepaid:**

Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2026, at Orlando, Florida.

______________________________

Charles Thomas Rahn, Debtor, Pro Se | 4589 Southfield Avenue, Orlando, FL 32812 | (407) 383-3405